NO. 07-99-0507-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 18, 2000

______________________________

JAMES BIBBS, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 99
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 99-429-709; HONORABLE MACKEY HANCOCK, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Upon a plea of not guilty, appellant James Bibbs, Jr. was convicted by a jury of delivery of a controlled substance, cocaine, less than 200 grams but at least 4 grams, and punishment was assessed by the trial court at 25 years confinement.  Presenting only one issue, appellant contends the trial court erred in denying his motion for directed verdict because the defense of vicarious entrapment was established.  For the reasons stated herein, we will affirm the judgment of the trial court.

The underlying facts of appellant’s offense are not in dispute and need only be briefly mentioned.   On May 20, 1998, appellant and Olga Castillo were living together as girlfriend and boyfriend.  As part of a Drug Enforcement Agency (D.E.A.) Task Force, Lubbock Police Sergeant Neal Brumley and D.E.A. Agent Stephen Thomas focused their investigation “that particular day” on Olga Castillo, from whom Sergeant Brumley had bought crack cocaine from in the past.  After it was determined that Ms. Castillo could not furnish the amount of cocaine that law enforcement wanted to purchase, appellant got in a car with Agent Thomas and at the direction of appellant, the two drove to the residence of Artie Dean Taylor, a known drug trafficker.  When they arrived, Agent Thomas gave appellant $500 and waited inside the car while appellant purchased 5.7 grams of cocaine from Taylor.  Appellant was arrested a few days later on a warrant and charged with delivery of a controlled substance.

Appellant presents a sole issue contending the trial court erred in denying his motion for a directed verdict contending the defense of vicarious entrapment was clearly established.  By this argument, he contends he was induced by law enforcement to participate in the buy/bust operation because of his age, need for money, and the fact he was a drug user.  Appellant also contends the prosecutor’s argument that the original focus of the investigation was on Ms. Castillo is irrelevant because law enforcement personnel knew appellant lived with her and principally argues that he is protected under section 8.06 of the Texas Penal Code because he was entrapped vicariously.
(footnote: 1)  We disagree.

Entrapment may be raised as a defense when two elements are satisfied:  (1) a law enforcement officer induces the defendant to commit the crime (subjective element), and (2) the means used in the inducement would likely cause other persons to commit the crime (objective element).  England v. State, 887 S.W.2d 902, 908-13 (Tex.Cr.App. 1994).  There is, however, no vicarious entrapment defense in Texas.  Ramirez v. State, 822 S.W.2d 240, 248 (Tex.App.--Houston [1
st
 Dist.] 1991, pet. ref’d) (
citing
 Norman v. State, 588 S.W.2d 340, 346 (Tex.Cr.App. 1979), 
cert. denied
 446 U.S. 909, 100 S.Ct. 1836, 64 L.Ed.2d 261).  In 
Norman
, the Court of Criminal Appeals stated:

The vicarious entrapment defense espoused by the appellant attenuates the "cost-benefit" policy by allowing a defendant to discredit the inducement methods of State agents when she was never a party to such inducements.  Such a policy would allow entrapment defenses by all defendants involved to prevail 
ad infinitum
 from the original improper use of governmental power by the State agent, regardless of whether each defendant was ever induced by the government to commit the crime in the first place.  

See Norman
, 588 S.W.2d at 346.

Because Texas law does not recognize a defense known as vicarious entrapment,  appellant’s sole issue is overruled. 

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis          Justice

Do not publish.initionßTåÆ<AAæÆ:DefinitionßL

åÆ8ææÅ6Definition
åÆ(''æÆ&H1
åÆ(üüæÆ&H2
åÆ(üüæÆ&H3
åÆ(üüæÆ&H4
åÆ(üüæÆ&H5
åÆ(üüæÆ&H6
åÆ2æææÆ0Address
åÆ8MMæÆ6Blockquote

åÆ,ææÅ*CITE
åÆ,dlÅ*CODE
åÆ4ææÅ2Emphasis
åÆ6íÉÅ4Hyperlink
åÆ<íÉÅ:FollowedHype
åÆ4goÅ2Keyboard
åÆ<æÆ:Preformatted
åÆ<æÆ:zBottomßofß

&ÆúçÅÃÆÆdÃÆdåC)ÄÅ1ùÆdxd'ÆùdxdåÆ<æÆ:zTopßofßFor

åC)ÄÅ2ùàdxdåÆ0KSÅ.Sample
åÆ0ææÅ.Strong
åÆ8dlÅ6Typewriter
åÆ4ææÅ2Variable
åÆ:ØÇÅ8HTMLßMarkup
åÆ2ãÅ0CommentàÜúùß!"#$ß35;AGMSY_11.1.1.1.1.1.1.1.<Ñ6ÉXáå9`(ÑñúCourierßNewÖö\êöâèâ`õèñ&TimesßNewßRoman%Ö2ñáøA`ñÉñêArialà3#Õåæåæå37=CIQYag1.a.i.(1)(a)(i)1)a)ÅRæi)åãçÕÆåèÉåÃÉÉd
 NO. 07-01-0420-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 2, 2002

______________________________

ROLANDO DELEON,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 339th DISTRICT COURT OF HARRIS COUNTY;

NO. 843,703; HON. CAPRICE COSPER, PRESIDING

_______________________________

Before BOYD, C.J., QUINN and REAVIS, JJ.

Rolando Deleon, appellant, appeals his conviction for possessing, with the intent to deliver, 200 grams or more of a controlled substance, namely heroin.  His sole issues implicate the legal and factual sufficiency of the evidence underlying the jury’s verdict of guilty.  That is, he argues that he was merely present at the transaction and presence alone was insufficient to warrant conviction.
(footnote: 1)  We affirm.

Standards of Review

The applicable standards of review are well-settled and need not be reiterated.  It is sufficient to cite the litigants to 
Goodman v. State
, 66 S.W.3d 283 (Tex. Crim. App. 2001) (describing the standard applicable to claims of factual insufficiency) and 
Clewis v. State
, 922 S.W.2d 196 (Tex. Crim. App. 1996) (describing the standard applicable to claims of legal and factual insufficiency).

Application of Standard

The case involved the sale of black tar heroin to an undercover police officer.  Present at the scene were the officer and at least three other males.  The officer testified that he was directed by one of the individuals to a truck wherein sat another and appellant.  When the officer approached the vehicle,  appellant 1) told him that the substance was “in the rear floorboard behind the driver’s seat,” 2) “pointed at it, turned, looked to the rear floorboard and told [him] it was right there in the back,” 3) told him that the contents of the Tupperware container found behind the seat held heroin, 4) “described what the heroin looked like and how much was in the bag,”  5) “acknowledged that it was 15 ounces,” and 6) “advised that the original . . . heroin packaging was inside the Tupperware container.”   The foregoing constitutes some evidence upon which a rational jury could conclude beyond reasonable doubt that appellant intentionally or knowingly possessed, with the intent to deliver, a controlled substance or, at the very least, was a party to another’s intentional or knowing possession of a controlled substance with intent to deliver.
(footnote: 2)  Thus, the evidence is legally sufficient to support a finding of guilty.  And, upon comparing that evidence to the entire record, the finding was and is not so contrary to the great weight and preponderance of the evidence to be clearly wrong.  Thus, the verdict is also supported by factually sufficient evidence.

Accordingly, we overrule appellant’s contentions and affirm the judgment.

Brian Quinn

      Justice 

Do not publish.

FOOTNOTES
1:
Texas Penal Code § 8.06--Entrapment

(a) It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense.  Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

(b) In this section "law enforcement agent" includes personnel of the state and local law enforcement agencies as well as of the United States and any person acting in accordance with instructions from such agents.

1:
Texas Penal Code § 8.06--Entrapment

(a) It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense.  Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

(b) In this section "law enforcement agent" includes personnel of the state and local law enforcement agencies as well as of the United States and any person acting in accordance with instructions from such agents.

2: